CARNES, Circuit Judge,
concurring:
I concur in the result. Because the Court’s opinion is not inconsistent with what I am about to say, I concur in it as well.
The issue of whether the district court should have granted Spielvogel relief on one of the claims raised in his 28 U.S.C. § 2255 petition without addressing all of the other claims in that petition is not before us, because there was no appeal from the § 2255 order. Nonetheless, the practice is not a good one. While the rule in Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir.1992) (en banc), by its terms applies to 28 U.S.C. § 2254 petitions, its reasoning applies with full force to § 2255 petitions too. It has been more than six years since Spielvogel was first sentenced, more than four years since he was re-sentenced, and the case has been up and down the appellate ladder three times. Now that we have denied relief in this out-of-time appeal, Spielvogel will go back to the district court and insist that the other claims in the § 2255 petition, which he filed nearly two years ago, be decided. If he is not granted relief on those claims, he will probably file yet another appeal. Enough is enough. The district court ought to grant or deny relief, as appropriate, on every remaining claim in the *826 § 2255 petition so that this case can be brought to a close.
Although the issue is not before us, I would not want the inference to be drawn that this Court approves the district court’s reasoning in concluding that Spielvogel had been denied effective assistance of counsel in his first direct appeal because his attorney did not raise any issues related to his conviction on counts four and five of the indictment. The district court’s reasoning was that the non-strategic failure to raise any issue at all about a particular count of conviction was equivalent to the failure to file any appeal at all insofar as dispensing with a showing of prejudice is concerned. Putting aside the fact that the district court’s factual premise is wrong— appellate counsel did raise one issue involving both counts four and five—the legal premise is wrong. The rule in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), does not apply to an appeal in which some but not all possible issues are raised. It applies to the failure to file an appeal from the judgment and raise any issue at all. Id. at 483, 120 S.Ct. at 1038 (“According to respondent, counsel’s deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel’s deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether.”); see Gamble v. Sec’y, Fla. Dep’t of Corr., 450 F.3d 1245, 1249-50 (11th Cir.2006) (applying Strickland prejudice requirement to habeas petitioner’s claim that his appellate counsel was constitutionally ineffective for failing to raise one issue in direct appeal of his state capital murder conviction and affirming denial of relief); Coulter v. Herring, 60 F.3d 1499, 1506 (11th Cir.1995) (rejecting habeas petitioner’s claim that his counsel was constitutionally ineffective for failing to raise an issue during direct appeal of his conviction because petitioner did not show prejudice under Strickland).
By extension, the district court’s reasoning would eviscerate the prejudice requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because a defendant could always argue that the failure of his counsel to raise an issue is equivalent to not having any representation at all insofar as that issue is concerned. The district court seems to have been operating under the misunderstanding that an appellant has a right to have his counsel raise on appeal any issue that the appellant wants. That is not so. See Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).
All of this that I say is dicta because the government did not appeal the grant of the out-of-time appeal in the § 2255 proceeding, but dicta can serve some valid purposes. See McDonald’s Corp. v. Robertson, 147 F.3d 1301, 1314-15 (11th Cir.1998) (Carnes, J., concurring specially) (“Dicta has its place and serves some purposes. Somewhat like statements in a law review article written by a judge, or a judge’s comments in a lecture, dicta can be used as a vehicle for offering to the bench and bar that judge’s views on an issue, for whatever those views are worth.” (citation omitted)). In any event, the point is that this Court is not, by implication, approving any of the decisional steps that led to the out-of-time appeal which we are deciding today.
Finally, I assume that to the extent the district court’s order that Spielvogel be released “during the pendency of his appeal” has any continuing effect, the district court will reconsider it in light of the fact that his convictions and sentence have been affirmed and a presumption of finality applies. See Barefoot v. Estelle, 463 *827 U.S. 880, 887, 103 S.Ct. 3383, 3391-92, 77 L.Ed.2d 1090 (1983) (“When the process of direct review ... comes to an end, a presumption of finality and legality attaches to the conviction and sentence.”); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.1998) (same). Six years is a long time to be released following a valid conviction.